FILED

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

AUG 2 5 2010

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____ DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| 1969 CHEVROLET CHEVELLE DRAG<br>RACE CAR, VIN 13637ATL219335BDY | ) SA10CA0718 XR |
| | ) |
| AND | ) |
| | ) |
| 1971 CHEVROLET CHEVELLE DRAG<br>RACE CAR, VIN 133371R148926, | ) |
| | ) |
| | ) |
| Respondents. | ) |

## VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner United States of America, acting by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Title 28 U.S.C. Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and respectfully states as follows:

### I.
### JURISDICTION AND VENUE

The Court has original jurisdiction of all civil actions, suits or proceedings commenced by the United States under Title 28 U.S.C. § 1345 and over an action for forfeiture under Title 28 U.S.C. § 1355(a). This Court has *in rem* jurisdiction over the Respondent Properties under Title 28 U.S.C. §§ 1355(b) and 1395(a). Venue is proper in this district pursuant to Title 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

The Respondent Properties were seized in Bexar County and Comal County, Texas, on or

about March 9, 2010, by law enforcement officers and agents. The Respondent Properties have remained in the custody of the United States Marshals Service, within the jurisdiction of the United States District Court, Western District of Texas, San Antonio Division, and shall remain within the jurisdiction of the court pending litigation of this case.

## II.
## DESCRIPTION OF RESPONDENT PROPERTIES

The Respondent Properties are described as One 1969 Chevrolet Chevelle Drag Race Car, VIN 13637ATL219335BDY and One 1971 Chevrolet Chevelle Drag Race Car, VIN 133371R148926.

## III.
## VIOLATIONS

This is a civil forfeiture action *in rem* brought for violations of Title 21 U.S.C. § 801. *et. seq.* subject to forfeiture to the United States of America pursuant to Title 21 U.S.C. § 881(a)(6) which states:

> **Title 21 U.S.C. § 881**
> **(a)  Subject property**
> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>> **(6)** All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance  or listed in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter;

## IV.
## BURDEN OF PROOF

At trial, the United States of America will establish by a preponderance of the evidence that the Respondent Properties are subject to forfeiture and should be forfeited to the United States of America as alleged by the Verified Complaint for Forfeiture.

2

## V.
## FACTS IN SUPPORT OF VIOLATIONS

Defendant Margarito Gonzales (hereinafter "Gonzales") was indicted on March 17, 2010, for the offense of Attempted Possession with Intent to Distribute Cocaine in violation of Title 21 U.S.C. § 846 under criminal case number SA-10-CR-209-XR filed in the Western District of Texas, San Antonio Division.

On or about March 3, 2010, law enforcement officers with the Drug Enforcement Administration (hereinafter "DEA") were conducting surveillance and witnessed a DEA confidential source (hereinafter "CS") meet with Gonzales at his residence located at 2518 Crater, San Antonio, Texas.  During this meeting, Gonzales asked the CS to supply him with some cocaine.  Gonzales informed the CS that as payment for the cocaine he would acquire approximately $10,000.00 in U.S. Currency and several vehicle titles that he would use as collateral. At the direction of DEA, the CS told Gonzales that his "boss" (the source of supply), would agree to accept the $10,000.00 in U.S. Currency and titles to the vehicles in exchange for five kilograms of cocaine at a cost of $22,000 per kilogram.   Gonzales agreed to pay this amount.

On March 9, 2010, the CS picked up Gonzales from his residence and traveled to Ramsey Place located at 603 Isom, San Antonio, Texas.  At this meeting, Gonzales believed that he was dealing with the cocaine supplier who in fact, was an undercover officer.  Gonzales, the CS and the undercover officer entered the undercover vehicle to discuss the transaction wherein Gonzales requested that the quality of cocaine be good.  While inside this same vehicle, Gonzales showed the undercover officer the $10,000.00 in U.S. Currency and several vehicle titles which Gonzales once again agreed to put up as collateral in exchange for the five kilograms of cocaine.  After agreeing to this exchange, the CS drove Gonzales to a fictitious "stash house" to retrieve the cocaine.  While en route to the "stash house" the vehicle was stopped for a traffic violation and

Gonzales was arrested. Officers advised Gonzales of his Miranda rights and transported him to DEA for processing and questioning.

During questioning, Gonzales admitted that he intended to purchase five kilograms of cocaine with the $10,000.00 in U.S. Currency and with the vehicle titles. Gonzales also stated that he planned to "break down" the cocaine to make a greater profit. In addition, Gonzales gave written consent to the search of his residence and agreed to surrender the vehicles he planned to use to purchase the cocaine, including the Respondent Properties.

A check of Gonzales' criminal history showed a prior conviction for Aggravated Delivery of Cocaine and Possession of Controlled Substance. Texas Workforce Records indicate Gonzales worked for the last quarter of 2007 through the first quarter of 2009 for total earnings of $53,193.90, with a yearly income of approximately $36,084.73 for 2008.

Therefore, based on the above-described facts, it can reasonably be concluded that the Respondent Properties were intended to be used in exchange for a controlled substance in violation of Title 21 U.S.C. § 801. *et. seq.*, and are therefore subject to forfeiture to the United States pursuant to Title 21 U.S.C. § 881(a)(6).

## VI.
## PRAYER

That by virtue of the facts and circumstances supporting the seizure and forfeiture of the Respondent Properties, as contained in the aforementioned actions, uses, and premises and/or intended actions, uses, and premises, the Respondent Properties are subject to forfeiture to the United States of America pursuant to the provisions of Title 21 U.S.C. § 881(a)(6).

WHEREFORE, the Petitioner, United States of America, prays as follows:

1. That public notice shall be issued through an official Internet government forfeiture site for at least thirty (30) consecutive days, pursuant to Rule G(4)(a)(iv)(C). Supplemental Rules

4

of Admiralty or Maritime Claims and Asset Forfeiture Actions. Any person claiming a legal interest in the Respondent Properties must file a Verified Claim with the court within **sixty (60)** days from the first day of publication of this Notice and an Answer within **twenty-one (21)** days thereafter.  Title 18 U.S.C. § 983(h)(1) permits a court to impose a civil fine on anyone asserting an interest in property that the court determines is frivolous.  The Verified Claim and Answer must be filed with the Clerk of the Court, 655 East Durango, San Antonio, Room G65 Texas 78206, and copies of each served upon Assistant United States Attorney Mary Nelda G. Valadez, 601 NW Loop 410, Ste. 600, San Antonio, Texas 78216, or default and forfeiture will be ordered. *See* Title 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules of Admiralty or Maritime Claim and Asset Forfeiture Actions.

    2.   That notice to known potential claimants shall be by direct notice.  Any persons asserting an interest in or claim against the Respondent Properties who have received direct notice of the forfeiture action must file a Verified Claim with the Clerk of the United States District Court, 655 East Durango, San Antonio, Room G65, Texas 78206, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, **thirty-five (35)** days after the notice was received and an Answer within **twenty-one (21)** days thereafter. Copies of the Verified Claim and Answer must be served upon Assistant United States Attorney Mary Nelda G. Valadez, 601 NW Loop 410, Ste. 600, San Antonio, Texas 78216, or default and forfeiture will be ordered.  *See* Title 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules of Admiralty or Maritime Claim and Asset Forfeiture Actions;

    3.   That Warrant of Arrest *in rem* issue to the United States Marshals Service for the Western District of Texas or any other authorized law enforcement officer or any other person or

organization authorized by law to enforce the warrant, commanding the arrest of the Respondent Properties;

4. That the United States Marshals Service be granted the authority by the Court, upon arrest of the Respondent Properties, to designate any other authorized law enforcement agency or any other authorized person or organization to act as substitute custodian of the Respondent Properties;

5. That Judgment of Forfeiture be decreed against the Respondent Properties;

6. That upon Final Decree of Forfeiture, the United States Marshals Service shall dispose of the Respondent Properties in accordance with law; and

7. For costs and for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JOHN E. MURPHY
United States Attorney

BY: _____

Mary Nelda G. Valadez
Assistant United States Attorney
Asset Forfeiture Section
601 NW Loop 410, Ste. 600
San Antonio, Texas 78216
(210) 384-7040
(210) 384-7045 Facsimile
Texas Bar No. 20421844

Attorneys for the United States of America

6

## **VERIFICATION**

**STATE OF TEXAS** )
)
**COUNTY OF BEXAR** )

Task Force Officer, Darin S. Lacour, declares and says that:

1.    I am a Task Force Officer with the Drug Enforcement Administration, assigned to the San Antonio District Office, and am the investigator responsible for the accuracy of the information provided in this litigation;

2.    I have read the above Verified Complaint for Forfeiture and know the contents thereof; and that the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based on information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the $\underline{2\sqrt{\phantom{x}}}^{th}$ day of August, 2010.

Darin S. Lacour, Task Force Officer
Drug Enforcement Administration
San Antonio District Office

Subscribed and sworn to before me on this the $\underline{24}^{th}$ day of August, 2010.

DENISE AMY LOVE
Notary Public, State of Texas
My Commission Expires
October 12, 2013

Notary Public in and for the State of Texas

My Commission Expires: __10|12|13__